UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:25CR00442 AGF |
| v. | ) | |
| | ) | |
| DEMETRIUS COMBS, | ) | |
| | ) | |
| Defendant. | ) | |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Demetrius Combs, represented by defense counsel, Tory D. Bernsen, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

**A. The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts Two, Three and Six and to **the lesser-included offenses in** Counts Four and Five of the Indictment, to dismiss Count One at the time of sentencing. The United States also agrees that no further federal prosecution will be brought in this District relative to the defendant's violations of federal law,

known to the United States at this time, arising out of the events set forth in the indictment.

The defendant also agrees, pursuant to the guilty plea to Count Six, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to: $17,435.00 in U.S. currency; a FN Five-Seven 5.7x28 mm semi-automatic pistol bearing serial number 386368231; a Ruger LC380 .380 caliber semi-automatic pistol bearing serial number 324-64602; an Emperor Mogulmax 12-guage shotgun bearing serial number 20MGA746; an Anderson AM-15 .223 semi-automatic pistol bearing serial number 18056982; a Romarm/Cugir Mini-Draco AK-47 7.62mm semi-automatic pistol bearing serial number PMD-08885-18 RO; a Glock 19x 9mm semi-automatic pistol bearing serial number BKKU672 equipped with a fully automatic sear switch bearing serial number BKKU672; a Glock 27 40 caliber automatic pistol bearing serial number BBBH668; two Polymar 80 PF40C model PF94OC 9mm semi-automatic pistols; a sear switch; and assorted magazines and ammunition.

**B. <u>The Sentence:</u>** The parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to make a joint recommendation at the time of sentencing that Defendant be sentenced to 120 months, which the parties understand may constitute a variance. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3. <u>ELEMENTS:</u>**

As to Counts Two and Three, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

*One*, the defendant intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance drug; and

*Two*, the defendant knew that it was a controlled substance.

As to Count Four, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

*One,* Defendant, possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

*Two,* Defendant possessed it knowingly and intentionally;

*Three,* Defendant did so with intent to distribute it to another person; and

*Four*, the amount of fentanyl attributable to Defendant is **more than forty (40) grams** of a mixture or substance containing a detectable amount of fentanyl.

As to Count Five, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

*One,* Defendant, possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

*Two,* Defendant possessed it knowingly and intentionally;

*Three,* Defendant did so with intent to distribute it to another person; and

*Four*, the amount of methamphetamine attributable to Defendant is **more than fifty (50) grams** of a mixture or substance containing a detectable amount of methamphetamine.

As to Count Six, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

*One,* Defendant committed the crimes of possession with intent to distribute one or more controlled substances, *i.e.*, fentanyl and methamphetamine; and

*Two,* Defendant knowingly possessed a firearm in furtherance of those crimes.

**4. <u>FACTS:</u>**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Detectives with the St. Louis County Police Department- Saint Louis County PD/Bureau of Drug Enforcement ("SLCPD") utilizing an undercover officer conducted controlled buys from Defendant methamphetamine (19.194 grams) on August 1, 2023 and methamphetamine (18.4 grams) on August 8, 2023. Detectives subsequently obtained state level search warrants for Defendant's residence, located at 1237 Hoyt Drive, St. Louis, MO 63137, and Defendant's gray 2019 Dodge Charger.

On August 17, 2023, SLCPD executed the search warrants. Upon arrival detectives detained and arrested Defendant outside of the residence. During a search subsequent to arrest of Defendant, detectives located and seized from his person a baggie containing multiple black/blue capsules that contained a purple powder that tested positive for fentanyl and $3746.00 in U.S. currency.

During a search of the Dodge Charger detectives located and seized three cell phones, a

loaded FN Five-Seven 5.7x28 mm semi-automatic pistol under the driver's seat and a plastic baggie in the console that contained multiple black/blue capsules that contained a purple powder that tested positive for fentanyl.

During the search of the residence detectives located and seized from the living room three 5.7x28mm magazines (one a large capacity) loaded with ammunition, two cell phones, a loaded Ruger LC380 .380 caliber semi-automatic pistol, a pill press and U.S. currency.

Detectives located and seized from the kitchen a 5.7x28mm magazine loaded with ammunition, a baggie containing multiple yellow/blue capsules that contained purple powder, a baggie containing white powder, and a serving tray with chunks of purple powder that all tested positive for fentanyl (total weight 32.492 grams), a black digital scale, three blenders with residue, and two large bags that contained empty capsules. In an air fryer detectives located a baggie of crystal-like rocks that tested positive for methamphetamine (27.67 grams).

Detectives located and seized from the master bedroom two boxes of 7.62 ammunition, an Emperor Mogulmax 12-guage shotgun, U.S. currency in a gray jacket, U.S. currency in a dresser drawer, U.S. currency and Defendant's Illinois driver's license in another dresser drawer, and U.S. currency in a sports coat.

Detectives located and seized from the from hallway closet a plastic baggie containing purple powder that tested positive for fentanyl and an Anderson AM-15 .223 semi-automatic pistol.

Detectives located and seized from the basement two large baggies containing purple powder that tested positive for fentanyl (501.8 grams), two baggies containing white crystal-like rocks that tested positive for methamphetamine (643.1grams) and two drum and one extended

rifle magazine next to a safe. Located on top of the safe was another Illinois driver's license issued to Defendant, additional ammunition and a black digital scale. Located inside the safe were a large baggie containing multiple black/blue capsules that contained a purple powder that tested positive for fentanyl (21.2 grams), a Romarm/Cugir Mini-Draco AK-47 7.62mm semi-automatic pistol, a Glock 19x 9mm semi-automatic pistol equipped with a fully automatic switch, a Glock 27 .40 caliber automatic pistol, two Polymar 80 PF40C 9mm semi-automatic pistols, additional magazines and ammunition and a wallet the contained Defendant's social security card.

The St. Louis County Police Department Crime Lab tested the suspected controlled substances. The total amount of fentanyl seized from Defendant and his residence was 557.68 grams. The total amount of methamphetamine seized from Defendant's residence was 670.77 grams. The amount of U.S currency seized from Defendant and his residence totaled $17,435.00 and included $100.00 from one of the earlier controlled buys.

Expert testimony, in the event of trial, would also establish that the amount of fentanyl and methamphetamine possessed by the Defendant and the manner of packaging in the instant case is consistent with the intent to distribute. Defendant admits that he possessed the various firearms in furtherance of his drug trafficking activities, alleged in the indictment.

**5. STATUTORY PENALTIES:**

As to Counts Two and Three, the defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least three years.

As to Counts Four and Five, the Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty:

**Lesser included offenses in Counts Four and Five**: The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty is imprisonment of not more than forty (40) years, a fine of not more than $5,000,000.00, or both such imprisonment and fine. The defendant also fully understands that Counts Four and Five require a mandatory minimum term of imprisonment of at least five (5) years. The Court shall also impose a period of supervised release of at least four (4) years.

As to Count Six, the Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than five (5) years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court shall impose a period of supervised release of not more than five years. The Defendant fully understands that the crime to which a guilty plea is being entered on Count Six requires a mandatory minimum term of imprisonment of five years consecutive to any other sentence imposed.

**6. <u>U.S. SENTENCING GUIDELINES: 2025 MANUAL</u>**

The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

**COUNTS TWO AND THREE-DISTRIBUTION OF METHAMPHETAMINE**

**COUNT FOUR-POSSESSION WITH INTENT TO DISTRIBUTE FORTY OR MORE GRAMS OF FENTANYL**

**COUNT FIVE- POSSESSION WITH INTENT TO DISTRIBUTE FIFTY OR MORE GRAMS OF METHAMPHETAMINE**

**A. Chapter 2 Offense Conduct:**

**(i) Base Offense Level**: The parties further agree that, as to Counts Two through Five, the base offense level is 30 as found in Section 2D1.1(c)(8). The parties agree that the net weight of the quantity of controlled substances the defendant possessed with the intent to distribute was at least 1000 kilograms but less than 3000 kilograms of Converted Drug Weight resulting in the base offense level of 30.

**(ii) Specific Offense Characteristics**: The parties agree that two levels should be added pursuant to 2D1.1(b)(12) because Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance.

**(iii) Chapter 3 Adjustments:**

**(a) Acceptance of Responsibility**: The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. The parties agree that the defendant's eligibility for this deduction is based

upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction—including any violation of this agreement—the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

**COUNT SIX- POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**

**B. Chapter 2 Offense Conduct**:

**(i) Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

**(ii) Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

**(iii) Chapter 3 and 4 Adjustments:** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Six, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

**C. Estimated Total Offense Level**:

**(i) Counts Two through Five:** The parties agree that the Total Offense Level for Counts Two through Five is 29.

**(ii). Count Six:** Based on these recommendations, the parties agree that with respect to Count Six, the Defendant will receive a mandatory minimum sentence of no less than 60 months, which will run consecutively to any other sentence Defendant may receive.

**D. Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**E. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A. Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i. Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**ii. Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing

issues other than Criminal History, as it relates to both Base Offense Level and Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to 120 months or above.

**B. Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C. Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**A. Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**C. Supervised Release:** Pursuant to any supervised release term, the Court will

impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**D.** **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $500, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.** **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any

manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: $17,435.00 in U.S. currency; a FN Five-Seven 5.7x28 mm semi-automatic pistol bearing serial number 386368231; a Ruger LC380 .380 caliber semi-automatic pistol bearing serial number 324-64602; an Emperor Mogulmax 12-guage shotgun bearing serial number 20MGA746; an Anderson AM-15 .223 semi-automatic pistol bearing serial number 18056982; a Romarm/Cugir Mini-Draco AK-47 7.62mm semi-automatic pistol bearing serial number PMD-08885-18 RO; a Glock 19x 9mm semi-automatic pistol bearing serial number BKKU672 equipped with a fully automatic sear switch bearing serial number BKKU672; a Glock 27 40 caliber automatic pistol bearing serial number BBBH668; two Polymar 80 PF40C model PF94OC 9mm semi-automatic pistols; a sear switch; and assorted magazines and ammunition. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory and

equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and

all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

10/26/26
Date

J. CHRISTIAN GOEKE, #39462(MO)
Assistant United States Attorney

10/26/26
Date

DEMETRIUS COMBS
Defendant

10.26.26
Date

TORY D. BERNSEN, #62857(MO)
Attorney for Defendant